United States District Court<br>For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOSEPH THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>PELICAN BAY STATE PRISON, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-4359 EMC (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.    INTRODUCTION

Larry Joseph Thomas, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His two complaints are now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

Thomas filed a complaint (Docket # 1) and later filed another complaint (Docket # 6) that asserted a new claim. In the first complaint, Thomas complained of three apparently unrelated problems. First, he alleged that registered nurse A. Ray provided him with a prescription ointment medication without providing him the directions for usage. This allegedly "resulted in minor burns to facial areas and corners of the eyes." Docket # 1, p. 3. Second, he alleged that Rabbi Joseph Hampel failed to provide him a "Black Muslim" vegetarian religious diet free of animal byproducts. *Id.* Third, Thomas alleged that property was withheld by the property room officers for over a year. In the second complaint, he alleged that the Pelican Bay classification committee failed to transfer him to a mental health facility. Docket # 6, pp. 2-4.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Thomas filed two separate complaints. This has created confusion about whether he wants the Court to consider the claims in the first complaint, the second complaint, or both. Normally, the second document would be considered an amended complaint and would supersede the first complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") As the claims in the two complaints appear to be unrelated, the Court will require Thomas to file a single amended complaint that asserts all his claims so that there is no confusion as to which claims he wishes to pursue. Additionally, an amended complaint is necessary to address the pleading defects discussed below.

Thomas alleged that nurse Ray provided him with a medicated ointment without directions for its use. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mere negligence does not amount to a constitutional violation. *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). Thomas'

allegations about the medicated ointment do not state a § 1983 claim, as they suggest, at most, negligence. In his amended complaint, Thomas must allege facts showing deliberate indifference to his serious medical needs by nurse Ray, *i.e.*, that the nurse knew of and disregarded a serious medical need.

Thomas alleged that Rabbi Hampel failed to provide a religious diet. Due to the odd wording in the complaint, it is not clear that Thomas actually requested such a diet. In his amended complaint, Thomas should state when he requested the religious diet, and should state when and why Rabbi Hampel denied the request.

Thomas alleged that property was withheld by property room officers. There is no allegation as to when this event occurred. More importantly, it is not at all clear what occurred, as Thomas alleged that three property officers "all have held Thomas personal confiscated annual received purchase packages from the 'Walkenhorst Company' over one year after my furnishing non allowable & confiscation list before I ordered etc." Docket #1, p. 4 (errors in source). In his amended complaint, Thomas needs to explain what happened and when it happened, and needs to link individual defendants to the claim by explaining what each person did or failed to do that caused a violation of his constitutional rights. Further, Thomas needs to be more clear as to whether the defendants' actions were pursuant to a prison rule/regulation, or instead were contrary to a prison rule/regulation.

In his second complaint, Thomas alleged that prison officials refused to transfer him to a mental health facility. The failure to transfer an inmate from one facility to another facility usually does not violate any constitutional right because prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). However, if the refusal to transfer amounted to deliberate indifference to the inmate's serious medical needs (including mental health needs), it might be actionable as an Eighth Amendment violation. If Thomas wants to allege that the refusal to transfer amounted to deliberate indifference to his medical needs, he may do so but must allege facts showing deliberate indifference. He also must link one or more defendants to such a claim by describing what each did or failed to do that amounted to deliberate indifference.

3

1  Thomas has filed a request for appointment of counsel to represent him in this action. A
2 district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an
3 indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331
4 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the
5 ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues
6 involved. *See id.* Neither of these factors is dispositive and both must be viewed together before
7 deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the
8 appointment of counsel are not evident at this time. The request for appointment of counsel is
9 **DENIED**. (Docket # 5.)

### IV. CONCLUSION

The complaints fail to state a claim upon which relief may be granted. Leave to amend will be granted so that Thomas may attempt to state a claim. Only one amended complaint may be filed, and it must be filed no later than **May 4, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Thomas is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 2, 2012

_____
EDWARD M. CHEN
United States District Judge

4